**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DARREN L. REAGAN,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **3:14-CV-3420-M** |
| | ) | **3:07-CR-0289-M (07)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

## I. Background

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. In September, 2007, Petitioner and thirteen others were charged in a 31-count indictment that alleged an illegal kickback scheme in which officials with the City of Dallas and others extorted money from real estate developers who sought City approval for construction projects.

Petitioner was charged in Counts 15 through 17 (conspiracy to commit extortion and two counts of extortion), and Count 20 (conspiracy to commit money laundering).

Petitioner was the head of the Black State Employees Association of Texas (BSEAT) and the BSEAT Community Development Corporation. Petitioner used these organizations to argue that members of the organizations were opposed to certain real estate projects in Dallas. This

gave Petitioner leverage to extort money from developers in exchange for smoothing the path to approval of their real estate projects.

On October 5, 2009, a jury found Petitioner guilty on Counts 15 and 16, but acquitted him on Counts 17 and 20. On March 1, 2010, the district court varied below the guideline range of 210 to 262 months and sentenced Petitioner to 168 months in prison. On August 2, 2013, the Fifth Circuit Court of Appeals affirmed Petitioner's convictions and sentence.

On August 24, 2014, Petitioner filed the instant § 2255 petition. On June 15, 2015, he filed an amended petition. He argues:

1. His right to an open and public trial was violated and his counsel was ineffective for failing to object;
2. He received ineffective assistance of counsel when counsel failed to adequately prepare for trial and perform at trial;
3. The district court, the government and defense counsel violated his due process rights when they failed to protect him from various conflicts of interest and ethical violations;
4. The prosecutor failed to disclose evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and
5. The Fifth Circuit denied him the right to counsel on appeal.[1]

The Court now finds the petition should be denied.

[1]Petitioner raised claim 4 in an affidavit, (ECF No. 41), and he raised claim 5 in his reply. (ECF No. 59.)

**<u>II. Discussion</u>**

**1. Public Trial**

Petitioner argues the district court violated his Sixth Amendment right to a public trial by allegedly sealing the courtroom during voir dire. Petitioner claims this alleged court closure prevented his supporters from being present for him. Petitioner raised this claim on direct appeal and the Court found the claim waived because Petitioner failed to object to the alleged court closure at the time of trial. *See Reagan*, 725 F.3d at 488-89. Petitioner cannot relitigate this claim in this § 2255 petition. *See United States v. Rocha*, 109 F.3d 225, 230 (5th Cir. 1997); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

Petitioner also claims his counsel was ineffective for failing to object to the alleged court closure. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must

demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner has failed to show he received ineffective assistance of counsel or that the district court closed the courtroom during voir dire. On June 17, 2009, the district court entered an order stating that jury selection would begin in Courtroom 1516 on June 22, 2009, and that the doors to the courtroom would open at 8:00 a.m. each day. (ECF No. 839.) On June 19, 2009, the Court entered an order stating that "due to anticipated space limitations" in Courtroom 1516 during jury selection, "no seats will be reserved except for trial counsel, the parties, jury consultants, *and close friends and family members of the defendants*." (emphasis added) (ECF No. 856.)

Petitioner also raised this claim in his motion for leave to file a motion for new trial. (ECF No. 1184.) In denying Petitioner's motion, the district court stated:

> Although the Court recalls excluding some observers immediately before the panel entered, including a number of law clerks and interns, no party or non-party ever made any objection (or even a record) about who was or was not present during any part of voir dire, and thus the Court had no opportunity to address any such objection during voir dire. Further, seats were in fact reserved during voir dire for friends and family members designated by the Defendants, and other non-party members of the public were present at various times during voir dire; for example, a hearing conducted before the jury was seated was observed and publicly recorded.

(ECF No. 1224.)

Further, although Petitioner claims he provided his defense counsel with "25 +" affidavits from family members who were barred from the courtroom during voir dire, he has failed to submit any evidence supporting his claim. Petitioner's ineffective assistance of counsel claim is conclusory and should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)

(emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

**2. Conflicts of Interest/Ethical Violations**

Petitioner claims the government and the Court violated his due process rights, and his counsel was ineffective, when they failed to protect him from various conflicts of interest and alleged ethical violations.

Petitioner claims: (1) a conflict of interest existed between him and co-defendant Hill's counsel because of that attorney's "simultaneous representation of William Autrey, leader of the gang of home-invaders that invaded and robbed the Defendant's home in broad daylight while Defendant's home was under continuous FBI surveillance." (Pet. Mem. at 23-24.); (2) a conflict existed because Developer Bill Fisher, Petitioner, and witness Kathy Nealy at various times before the trial used the same attorneys. (Pet. Mem. at 29); and (3) a conflict and ethical violations existed because one of the prosecutors was married to a partner at the law firm that represented Fisher. (Pet. Mem. at 32.)

On direct appeal Petitioner argued the district court abused its discretion by not holding an evidentiary hearing to investigate these claims. The Fifth Circuit reviewed each of Petitioner's conflict of interest claims and determined the district court did not abuse its discretion by failing to hold a hearing or otherwise investigate the claims because none of the claims "presented an instance of conflicted counsel that would have necessitated such a hearing on Sixth Amendment grounds, or required an investigation with respect to any other type of conflict of interest." *Reagan*, 725 F.3d at 488. Petitioner cannot relitigate his conflict of interest claims in this case. *See Rocha*, 109 F.3d at 230; *Kalish*, 780 F.2d at 508. Further, defense

counsel was not ineffective for failing to raise meritless claims. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). These claims should be denied.

**3. Trial Preparation and Trial**

Petitioner claims his counsel was ineffective when counsel failed to: (1) review any of the evidence held at the offices of the co-defendants or the documents Petitioner provided to him; (2) discuss trial strategy with him; (3) call witnesses William Brewer, FBI Agent Thomas Entz and other character witnesses; (4) file motions for severance, a continuance or a special prosecutor; and (5) participate in the hearing on Bill Fisher's Bill of Exceptions regarding an alleged conflict of interest.

The government submitted an affidavit from defense counsel refuting Petitioner's claims. (Gov. Appx. at 24.) Defense counsel stated Petitioner's claim that he failed to review the evidence prior to trial "is absurd." (*Id*. at 25.) Counsel stated he "spent countless hours with the other defense attorneys going over the evidence" and that he "continued to review the evidence *constantly* during the 31/2 month trial." (*Id*. at 26.) Counsel stated he did not participate in the hearing on Bill Fisher's Bill of Exceptions because defense attorney Doug Greene conducted the hearing on behalf of all the defendants. (*Id*.) Counsel stated he did not call William Brewer or FBI Agent Thomas Entz as witnesses because he did not believe the testimony would be beneficial to Petitioner. (*Id*.) Counsel stated he and Petitioner discussed calling other witnesses to testify, and that Petitioner agreed that none of them would be called because there "was simply too much risk to Mr. Reagan during cross-examination by the government." (*Id*. at 26.) Defense counsel stated he believed any conflicts of interest were inconsequential and would have no impact on the jury. (*Id*.) Finally, counsel stated he did not file a motion for severance,

continuance or appointment of a special prosecutor because he believed there were no grounds for filing the motions. (*Id*. at 27.)

Petitioner has failed to submit any evidence that William Brewer, FBI Agent Thomas Entz or any other witness was willing to testify at trial and would have testified favorably for the defense. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (stating that to establish the requisite *Strickland* prejudice, Petitioner must show that the testimony would have been favorable); *see also See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) ("hypothetical or theoretical testimony will not justify the issuance of a writ . . . ."). Petitioner has also failed to show he was prejudiced by his counsel's decision to allow attorney Doug Greene conduct the hearing on Bill Fisher's Bill of Exceptions. Petitioner has also failed to show he was prejudiced by his counsel's failure to file a motion for a special prosecutor. Petitioner filed a *pro se* motion for a special prosecutor, which the Court denied on January 24, 2014. (ECF No. 841). On January 24, 2014, Petitioner filed another *pro se* motion for a special prosecutor. (ECF No. 1876.) On April 15, 2014, the Court denied the motion. (ECF No. 1884.) Petitioner has failed to establish that a motion for special prosecutor was meritorious or that it would have been granted by the Court. Further, although Petitioner claims his counsel was ineffective for failing to file a motion to sever, and motion for continuance, he has stated no basis for either motion. Petitioner's conclusory allegations are without merit.

**4. *Brady***

On September 8, 2015, Petitioner filed an affidavit raising the new claim that he has new evidence that prosecutors violated *Brady v. Maryland*, 373 U.S. 83 (1963), when they failed to disclose a simultaneous public corruption investigation of Dallas County Commissioner John

Wiley Price and witness Kathy Nealy. (ECF No. 41.)

To establish a *Brady* claim, Petitioner must show that the prosecution suppressed favorable, material evidence that was not discoverable through due diligence. *Brady*, 373 U.S. at 87. Evidence is "material" if there is a "reasonable probability" that the outcome of the trial would have been different had the evidence been disclosed to the defendant. *United States v. Freeman*, 164 F.3d 243, 248 (5th Cir. 1999).

Petitioner has failed to show that any investigation of John Wiley Price or Kathy Nealy involved evidence that was material and favorable to Petitioner's case. Petitioner's claim is conclusory and should be denied.

**5. Appeal**

In Petitioner's October 26, 2015 reply he claims the Fifth Circuit denied him counsel on appeal. (ECF No. 59.) Petitioner's claim is time-barred.

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255 (1). On August 2, 2013, the Fifth Circuit decided Petitioner's appeal. Petitioner's conviction became final ninety days later on October 31, 2013. *See* Sup. Ct. R. 13. Petitioner then had one year, or until October 31, 2014, to file his § 2255 claims. Petitioner did not raise this new claim until October 15, 2015. (*See* ECF No. 59.) He has also failed to show he is entitled to tolling of the limitations period. This claim is therefore barred by the statute of limitations.

Additionally, the claim is without merit because Petitioner waived his right to counsel on appeal. On October 18, 2010, Petitioner filed a motion to dismiss his court-appointed appellate counsel and proceed *pro se*. On May 11, 2011, the Fifth Circuit found that Petitioner unequivocally expressed his desire to waive appointed counsel and proceed *pro se*, and the Court granted Petitioner's motion. Petitioner's claims is therefore without merit.

## III. Recommendation

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 2nd day of May, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).