**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DARREN L. REAGAN, 37109-177** | ) | |
| | ) | |
| **v.** | ) | **No. 3:14-CV-3420-M** |
| | ) | **No. 3:07-CR-0289-M (07)** |
| **UNITED STATES OF AMERICA** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the

United States District Court for the Northern District of Texas. The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow:

**I.  Procedural Background**

Before the Court is Petitioner's motion for relief from judgment under Fed. R. Civ. P.

60(b). (ECF No. 138.) The Court finds the motion should be construed as a successive petition

under 28 U.S.C. § 2255.

In September, 2007, Petitioner and thirteen others were charged in a 31-count indictment

that alleged an illegal kickback scheme in which officials with the City of Dallas and others

extorted money from real estate developers who sought City approval for construction projects.

Petitioner was charged in Counts 15 through 17 (conspiracy to commit extortion and two counts

of extortion), and Count 20 (conspiracy to commit money laundering). On October 5, 2009, a

jury found Petitioner guilty on Counts 15 and 16, but acquitted him on Counts 17 and 20. On

March 1, 2010, the district court varied below the guideline range of 210 to 262 months and

sentenced Petitioner to 168 months in prison. On August 2, 2013, the Fifth Circuit Court of Appeals affirmed Petitioner's convictions and sentence.

On August 24, 2014, Petitioner filed a § 2255 petition. On May 25, 2016, the district court denied the petition on the merits. Petitioner filed an appeal, which is currently pending before the Fifth Circuit Court of Appeals. *See Reagan v. United States*, No. 16-10685 (5th Cir.).

On February 17, 2017, Petitioner filed the instant Rule 60(b) motion. He raises the new claims that his conviction is unlawful because the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963), and committed misconduct.

## II. Discussion

Petitioner's Rule 60(b) motion seeks to challenge his conviction. It therefore should be construed as a successive § 2255 petition.[1] *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence."); *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990) (same).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by

---

[1]Petitioner's appeal of the district court's denial of his § 2255 petition is currently pending before the Fifth Circuit. The appeal divests this court of jurisdiction to grant a Rule 60(b) motion. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004).

clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 and 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another motion for post-conviction relief is filed.

### III. Recommendation

The Court recommends that the Rule 60(b) motion be construed as a successive § 2255 petition and that the petition be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 1st day of August, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**

## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).